**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROBERT DAVIS and DR. BRUCE BARTON, on behalf of themselves and the Putative Class, | No. 2:19-cv-19650 (MEF)(AME) |
| *Plaintiffs*, | <u>**OPINION and ORDER**</u> |
| v. | |
| BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT, | |
| *Defendants*. | |

\* \* \*

For purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

The Plaintiffs moved for class certification, <u>see</u> Plaintiffs' Brief in Support of Motion for Class Certification, and Appointment of Class Representatives and Class Counsel ("Plaintiffs' Brief") (ECF 90-1) at 19, 20-47, and earlier today the Court denied the motion, via two opinions and orders.

In connection with their motion, the Plaintiffs also asked the Court to "appoint[] . . . Class counsel pursuant to Federal Rule of Civil Procedure 23." Notice of Motion for Class Certification and to Appoint Nagel Rice, LLP as Class Counsel (ECF 90) at 2.[1]

---

[1] The Plaintiffs' arguments for appointment of class counsel are in the part of their brief that takes up Rule 23(a)(4)'s requirements. <u>See</u> Plaintiff's Brief at 25-26. But the adequacy of class counsel is assessed under Rule 23(g), not Rule 23(a)(4). <u>See</u> <u>Sheinberg</u> v. <u>Sorensen</u>, 606 F.3d 130, 132 (3d Cir. 2010) ("Although questions concerning the adequacy of class counsel were traditionally analyzed under the aegis of the adequate representation requirement of Rule 23(a)(4) . . . those

But that is premature.

"[A] district court's decision to certify a class must <u>precede</u> the appointment of class counsel." <u>Sheinberg</u> v. <u>Sorensen</u>, 606 F.3d 130, 132 (3d Cir. 2010) (emphasis in original); <u>see also</u> 1 William B. Rubenstein, <u>Newberg and Rubenstein on Class Actions</u> § 3:83 (6th ed. 2025) (noting that although the requirement that "a court that certifies a class must appoint class counsel . . . does not necessarily imply a time frame within which the court must appoint class counsel," when "read in conjunction with 23(c)(1)(B) it is clear that the court must appoint class counsel at the same time it certifies the class"); Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment (stating that Rule 23(g) "sets out the basic requirement that class counsel be appointed <u>if</u> a class is certified") (emphasis added).

Here, the Court has not certified a class.

Therefore, the Plaintiffs' motion for appointment of class counsel is denied without prejudice.[2]

IT IS on this 24th day of November, 2025, **SO ORDERED.**

---

questions have, since 2003, been governed by Rule 23(g)."); <u>see also</u> 1 Joseph M. McLaughlin, <u>McLaughlin on Class Actions</u> § 4:38 (22d ed. 2025); 1 William B. Rubenstein, <u>Newberg and Rubenstein on Class Actions</u> § 3:52 (6th ed. 2025). Because of some "parallels" between the two standards, Rule 23(a)(4) precedent may still be relevant. <u>See</u> <u>Newberg and Rubenstein</u> § 3:80. But one way or another, it is Rule 23(g) that governs.

[2]  Rule 23(g) contemplates appointment of "interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). But the Plaintiffs do not seek that. And in any event, the Advisory Committee to the Federal Rules has suggested that interim counsel certification is appropriate where there is "rivalry or uncertainty, because multiple lawyers are competing to represent the class." <u>Newberg and Rubenstein</u> § 3:85 (cleaned up). But "when only one set of lawyers represents the putative class, or only one case has been filed," and all of that is the circumstance here --- then "courts tend to deny motions for appointment as interim counsel." <u>Newberg and Rubenstein</u> § 3:85; <u>see also</u>, <u>e.g.</u>, <u>Santos</u> v. <u>Carrington Mortg. Servs., LLC</u>, 2017 WL 215969, at *2 (D.N.J. Jan. 18, 2017) ("If the lawyer who filed the suit is to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary.") (cleaned up).

_____

Michael E. Farbiarz, U.S.D.J.