**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ROBERT DAVIS and DR. BRUCE BARTON, on behalf of themselves and the Putative Class,

*Plaintiffs*,

v.

BMW OF NORTH AMERICA, LLC and BAYERISCHE MOTOREN WERKE AKTIENGESELLSCHAFT,

*Defendants*.

No. 2:19-cv-19650 (MEF)(AME)

**OPINION and ORDER**

\* \* \*

For purposes of this brief Opinion and Order, the Court assumes familiarity with the facts and procedural history of this case.

\* \* \*

The Court earlier today denied the Plaintiffs' motion to certify a nationwide class under the New Jersey Consumer Fraud Act. See Davis v. BMW of N. Am., LLC, ___ F.Supp. ___ (D.N.J. 2025).

As part of the same motion, the Plaintiffs also moved to certify nationwide classes for breach of the express and implied warranty. See Plaintiff's Brief in Support of Motion for Class Certification, and Appointment of Class Representatives and Class Counsel ("Plaintiffs' Brief") (ECF 90-1) at 40-44; see also Second Amended Class Action Complaint and Jury Demand ("Complaint") (ECF 66) ¶¶ 106-24.

The warranty-claims part of the Plaintiffs' motion to certify is also denied.

\* \* \*

The Court must engage in a choice-of-law inquiry. See Powers v. Lycoming Engines, 328 F. App'x 121, 124 (3d Cir. 2009) ("A necessary precondition to deciding Rule 23 issues is a determination of the state whose law will apply."); 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 5:46 (22d ed. 2025)

("In cases where the plaintiffs seek to assert state common law or statutory claims and seek to certify a class that includes members from multiple states, the court must address choice of law issues.").

In the first step, the Court must determine whether there is an "actual conflict" between the laws that may govern. P.V. ex rel T.V. v. Camp Jaycee, 197 N.J. 132, 143 (2008).[1]

If there is no actual conflict, the inquiry ends, and forum law applies.

If there is a conflict, the Court must resolve it.[2]

* * *

The Defendant argues: nationwide classes cannot be certified as to the warranty claims because the Plaintiffs "fail[ed] to engage in any choice-of-law analysis" on them. BMW of North America LLC's Brief in Opposition to Plaintiffs' Motion for

---

[1] Because the Court's diversity jurisdiction has been invoked, see Complaint ¶ 43, the Court must "appl[y] the choice-of law rules of the forum state --- here, New Jersey --- to determine the controlling law." Maniscalco v. Brother Int'l (USA) Corp., 709 F.3d 202, 206 (3d Cir. 2013).

[2] As to how, "New Jersey has adopted the 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." Maniscalco, 709 F.3d at 206; see Camp Jaycee, 197 N.J. at 142-43. The factors used to determine "significan[ce]" vary based on the type of claim at issue. See Camp Jaycee, at 140-42. Alleged breaches of the express and implied warranty count as contract claims for these purposes, and that implies a turn to particular parts of the Restatement. See Snyder v. Farnam Cos., Inc., 792 F. Supp. 2d 712, 720 (D.N.J 2011) (explaining that courts look to Section 188 of the Restatement for "breach of express warranty claims" because they "sound in contract"); In re Bayer Phillips Colon Health Probiotic Sales Pracs. Litig., 2014 WL 5776153, at *8 (D.N.J. Nov. 6, 2014) ("Although courts look to § 148 in assessing which state's law should apply to fraud claims, since breach of implied warranty claims sound in contract, courts instead look to § 188 of the Restatement to determine which state's law applies to such claims.") (citing Gilbert Spruance Co. v. Pa. Mfrs. Ass'n Ins. Co., 134 N.J. 96, 102 (1993)); Cohen v. Subaru of Am., Inc., 2022 WL 721307, at *10 (D.N.J. Mar. 10, 2022) (drawing a similar conclusion in the context of implied warranty claims).

2

Class Certification ("Defendant's Brief") (ECF 92) at 15; see also id. 16 n.7, 23.

This is necessary, the Defendant contends, because "[v]ariations and conflicts exist" across state law with regard to "(1) whether plaintiffs must demonstrate reliance, (2) whether plaintiffs must provide notice of breach, (3) whether there must be privity of contract, (4) whether plaintiffs may recover for unmanifested . . . defects, (5) whether merchantability may be presumed and (6) whether warranty protections extend to used [goods]." Id. at 23 (quoting Payne v. Fujifilm, U.S.A., Inc., 2010 WL 2342388, at *9 (D.N.J. May, 28, 2010)).

For their part, the Plaintiffs wave off the suggestion that there are meaningful differences. All "warranty claims come from a common source, namely Article 2 of the U.C.C.," and so, the Plaintiffs' argument goes, "the law is essentially uniform" across jurisdictions. Plaintiff's Brief at 40; see also id. at 43-44 (suggesting, but not explicitly asserting, that a uniform interpretation of the U.C.C. also governs implied warranty claims across the country).

But in making these assertions, the Plaintiffs' skim too lightly over the surface.

With respect to their express warranty claims, they cite one published opinion for the idea that "state laws on express warranty are similar." See Plaintiff's Brief at 41 (quoting Dewey v. Volkswagen of Am., 728 F. Supp. 2d 546, 569 (D.N.J. 2010)).

But they do not engage with precedent from this District that notes that "courts have agreed that state laws regarding breach of express warranty vary widely," and that even though many "states have adopted the Uniform Commercial Code[,] . . . 'the law that has emerged thereunder is not pristinely uniform.'" Snyder, 792 F. Supp. 2d at 720 (citing Payne, 2010 WL 2342388, at *9-10, and quoting Arons v. Rite Aid Corp., 2005 WL 975462, at *22 (N.J. Super. Law Div. Mar. 23, 2005)); see also Adams Point I, L.P. v. Tru-Flex Metal Hose Corp., 2021 WL 3612155, at *4 (3d Cir. Aug. 16, 2021) (affirming denial of class certification on warranty claims because the "Plaintiffs have failed to show how the Court could navigate the significant variations in state law" (cleaned up)); McLaughlin on Class Actions § 5:57 (noting that "[n]umerous courts have recognized that conflicts exist among state substantive laws applicable to claims for breach of express and implied warranty," and that "this is a formidable barrier to certification of multi-state classes").

As for their implied warranty claims, the Plaintiffs assert only that "[t]he elements of and defenses to [the implied warranty of merchantability claims] will need to be resolved with common evidence." Plaintiff's Brief at 43.

But this is conclusory, and not enough to meet the "burden of showing that variations in state law will not make a proposed class unmanageable." McLaughlin § 5:46; see also In re Ford Motor Co. Ignition Switch Prods. Liab. Litig., 174 F.R.D. 332, 349 (D.N.J. 1997) ("the plaintiffs bear the burden of providing an extensive analysis of state law variations to determine whether there are 'insuperable obstacles' to class certification"); Sanders v. Johnson & Johnson, Inc., 2006 WL 1541033, at *7 (D.N.J. June 2, 2006) (denying certification of warranty claims where the "Plaintiff has not prepared a . . . summary of the applicable state laws" because "it is not the Court's job to extensively analyze state law to determine whether Plaintiff's assurances are warranted"); see also Snyder, 792 F. Supp. 2d at 720.

\*   \*   \*

Because the burden is on the Plaintiffs to show that all requirements of Rule 23 are satisfied, see In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 315-16 & n.14 (3d Cir. 2008), they must establish either (1) that any potential differences among warranty claims across jurisdictions do not amount to "actual conflict[s]," Camp Jaycee, 197 N.J. at 143; or (2) that New Jersey warranty law nevertheless has the "most significant relationship" to the claims at issue. Id.

The Plaintiffs have not meaningfully taken on either of these, so they have not carried their burden and their motion to certify the warranty claims must be denied.

\*   \*   \*

As to their fallback position, the Plaintiffs have also failed to carry their burden of showing that statewide classes can be certified under Georgia and Kentucky law.

If the Plaintiffs will seek to certify statewide classes for claims under Geogia and Kentucky law, and/or "fire Subclasses" under the same, they may do so on a schedule to be set by the United States Magistrate Judge.

IT IS on this 24th day of November, 2025, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.

5